# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ANDREW NICKLIN,** | |
| **Plaintiff;** | |
| v. | Case No. _____ |
| **HOOD CONTAINER CORPORATION,** | |
| **Defendant.** | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Andrew Nicklin, by and through counsel, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff endured nearly a year of sexual harassment and sexually hostile work environment working for Defendant Hood Container Corporation ("Hood Container"). Supervisors and the Human Recourses Department at Hood Container knew that its employees and supervisors were subjecting Plaintiff frequent derogatory comments, harassment, and even physical violence because Plaintiff is gay. But Hood Container failed—in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")—to take prompt remedial action. After Plaintiff filed a charge with the U.S. E.E.O.C., Hood Container retaliated against Plaintiff. Hood Container knew that Plaintiff cannot do full duty work because of an injury, so it refused to continue to make light duty work available to him, constructively discharging him.

## JURISDICTION, VENUE, AND PARTIES

2. Plaintiff's Title VII claims present federal questions over which this court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3. Venue is proper in this District under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. § 1391 (b) and (c).

4. Plaintiff is a citizen of the United States and resident of the state of Tennessee.

5. Defendant Hood Container Corporation is incorporated under the laws of Mississippi.

6. Hood Container's principle place of business is in Atlanta, Georgia.

7. Hood Container maintains its national corporate offices at 2727 Paces Ferry Road SE, Suite 1850, Atlanta, Georgia 30339.

8. Hood Container maintains a manufacturing plant in Lebanon, Wilson County, Tennessee ("the Plant") where the unlawful employment practices below occurred.

9. Hood Container may be served with process though its registered agent, C. T. Corporation System, 289 S Culver St, Lawrenceville, Gwinnett County, Georgia 30046-4805.

## ADMINISTRATIVE PROCEEDINGS

10. Plaintiff timely filed a Charge of Discrimination with the EEOC and received a notice of right to sue letter within the last 90 days. He has complied with all other conditions precedent to the institution of this lawsuit.

## FACTUAL ALLEGATIONS

11. Hood Container manufactures corrugated boxes, high graphic displays and contract packaging at the Plant.

12. On February 11, 2021, Hood Container hired Plaintiff as a machine operation specialist at the Plant.

13. At all relevant times, Plaintiff was an employee of Hood Container within the meaning of Title VII.

14. Plaintiff is gay.

15. On approximately April 8, 2021, Plaintiff suffered a serious back injury while working at the Plant.

   a. **April to July 2021 Harassment**

16. On April 19, 2021, Plaintiff's male coworker, Josh Hauck, began subjecting Plaintiff to constant sexual harassment at work because Plaintiff is gay.

17. Hauck made frequent harassing comments to Plaintiff, including telling Plaintiff that Plaintiff was a "good cock sucker."

18. Hauck also made a comment about Plaintiff's beard being a handle for oral sex, and Hauck pulled on Plaintiff's beard to taunt him.

19. Plaintiff reported Hauck's harassment to his supervisors at the Plant within approximately two weeks of the harassment.

20. In early May 2021, Hauck told Plaintiff that Plaintiff "gets fucked in the ass."

21. Plaintiff reported this comment to his supervisors and to Terri Osborn of Hood Container's Human Recourses Department.

22. In May, June, and July, Hauck made sexually harassing comments to Plaintiff on a weekly basis.

23. Plaintiff made complaint about this sexual harassment to his supervisors, but no remedial action was taken.

24. Plaintiff suffered from additional sexually harassing conduct perpetrated by people other than Hauck during this time period, including a comment from a supervisor that "you smell gay" and that supervisor's rubbing his genitals over the top of his pants.

    **b. August 2021 Harassment**

25. In August 2021, the sexual harassment by Hauck began to worsen and become more severe.

26. Later in August, Hauck said Plaintiff is a "faggot" and "loves to suck dick for money and would love to pay him to let him fuck me."

27. Later in August, Hauck made a comment to the effect that he would cut off Plaintiff's head and "fuck his dead body." He also made a comment regarding whether Plaintiff's family knew he was gay and threatened to kill Plaintiff in front of his family.

28. Plaintiff reported these comments to Terri Osborn in human resources.

29. Hood Container fired Hauck on August 25, 2021.

    **c. Post Hauck-Firing Harassment**

30. Approximately one week after Hauck was fired, Hauck's father, who works at the Plant as a maintenance worker, confronted Plaintiff about Josh Hauck's firing, blaming Plaintiff for getting his son fired.

31. Plaintiff's coworkers continued to subject him to sexual harassment with derogatory remarks about him being gay.

32. Maintenance workers at the Plant made frequent derogatory comments to Plaintiff, including comments such as "faggot" and "sissy."

33. On September 24, 2021, Gary Peggles, a supervisor at the Plant, told one of Plaintiff's coworkers that Plaintiff is a piece of trash and that he is sorry he has to work with him. Peggles also made derogatory remarks to the effect that Plaintiff was gay and "a sissy."

34. Plaintiff reported Peggles's actions to Osborn.

35. Within a few weeks, Hood Container moved Plaintiff to 1st shift, which is a less-desirable shift.

36. On first shift, Plaintiff continued to suffer from periodic harassing comments and conduct because he is gay.

37. For example, Terry Kemp, a supervisor at the Plant, told Perry Knowles to hit Plaintiff.

38. Knowles followed those instructions and hit Plaintiff on the back.

39. Plaintiff periodically reported the harassment and threats, but Hood Container took no effective action to prevent that conduct until after Plaintiff filed a charge with the EEOC.

### d. The EEOC Charge and Removal from Light Duty

40. After Plaintiff's April 2021 back injury, Hood Container put Plaintiff on light duty with various restrictions.

41. Plaintiff filed a charge with the U.S. E.E.O.C. on February 11, 2022.

42. Plaintiff worked on light duty at the Plant from April 2021 until March 16, 2022, except for several weeks that he was off work because of back surgery.

43. On March 16, 2022, Hood Container supervisors told Plaintiff that they were no longer making light duty work available to him.

44. Plaintiff has not been allowed to return to work at the Plant since March 16 2022.

45. Hood Container refuses to provide light duty work to Plaintiff because Plaintiff reported Hood Container to the U.S. E.E.O.C.

46. Hood Container knew that Plaintiff was not (and still is not) able to return to full duty work at the Plant, and Hood Container therefore knew that its refusal to provide light duty work effectively discharged Plaintiff.

CLAIM ONE: HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

47. Plaintiff incorporates all preceding paragraphs.

48. Plaintiff was subjected to severe and pervasive sexual comments, sexual advances, and unwanted physical touching, including by supervisors, as outlined above.

49. Plaintiff reported the sexually hostile work environment to his supervisor and human resources.

50. At all times relevant to this action, Hood Container knew or should have known of the existence of a sexually hostile work environment but failed to take remedial action to prevent or correct the harassment, or to protect Plaintiff.

51. Hood Container failed to exercise reasonable care to prevent and promptly correct the harassing behavior after Plaintiff reported the harassment of Hauck, Peggles, and others.

52. Additionally, Hauck and Peggles were acting in the course and scope of their employment with Hood Container, making it vicariously liable for their actions under a theory of respondeat superior.

53. Hood Container willfully and wantonly disregarded Plaintiff's rights.

54. As a result of Hood Container's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, humiliation, and other indignities, all in amounts to be proven at trial.

55.     As a result of Hood Container's violation of Title VII, Plaintiff is entitled to recover any lost economic benefits of his employment, compensatory damages, punitive damages, and reasonable attorneys' fees and costs, as well as equitable and injunctive relief.

**CLAIM TWO: RETALIATION IN VIOLATION OF TITLE VII**

56.     Plaintiff incorporates all preceding paragraphs.

57.     Plaintiff engaged in protected activity by complaining about sex discrimination and a sexually hostile work environment, opposing the same, and filing a charge of discrimination with the U.S. E.E.O.C., as outlined above.

58.     Hood Container retaliated against Plaintiff by subjecting him to various adverse employment actions, including but not limited to, harassing him, permitting employees to continue to harass him, moving him to a less-desirable shift, and refusing to assign him to light duty work when such work is available.

59.     Hood Container's actions in taking adverse employment actions against Plaintiff for engaging in statutorily protected activity by complaining of and opposing a sexually hostile work environment constitute unlawful intentional retaliation in violation of Title VII.

60.     Hood Container willfully and wantonly disregarded Plaintiff's rights, failed to take protective and corrective action on Plaintiff's behalf, and retaliated against Plaintiff in bad faith.

61.     As a result of Hood Container's unlawful actions, Plaintiff has suffered lost wages and economic benefits of employment, including lost social security benefits, all in amounts to be proven at trial.

62.     As a result of Hood Container's unlawful actions, Plaintiff has also suffered emotional distress, inconvenience, humiliation, and other indignities, all in amounts to be proven at trial.

63. As a result of Hood Container's violations of Title VII, Plaintiff is entitled to recover any lost economic benefits of his employment, compensatory and punitive damages, and reasonable attorneys' fees and costs, as well as equitable and injunctive relief in the form of reinstatement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and, as follows:

a. A declaratory judgment that Hood Container engaged in unlawful employment practices in violation of Title VII;

b. An injunction prohibiting Hood Container from engaging in unlawful employment practices in violation of Title VII;

c. An award of back pay, including all lost wages and benefits, and pay increases Plaintiff would have received absent the harassment and retaliation, and all other benefits of employment reducible to a dollar value;

d. An award of pre-judgment and post-judgment interest as required;

e. Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

f. Punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Hood Container for their conduct toward Plaintiff and deter Hood Container from similar conduct in the future;

g. Reasonable attorneys' fees and costs; and

h. Other and further relief as the Court deems just and proper.

Dated: December 19, 2022.

Respectfully Submitted,

/s/ Daniel Arciniegas
TN BPR #035853
**Arciniegas Law, PLLC**
1242 Old Hillsboro Road
Franklin, TN 37069
(629)777-5339 telephone
Daniel@attorneydaniel.com

/s/ Patrick J. Hannon
Patrick J. Hannon
Ga Bar No. 074321
*Pro hac vice to be filed*

**HALL & LAMPROS LLP**
300 Galleria Parkway
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
patrick@hallandlampros.com

*Attorneys for the Plaintiff*